IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALSEP, INC. AND CALSEP A/S | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-0118 |
| INTELLIGENT PETROLEUM SOFTWARE SOLUTIONS, LLC, ASHISH DABRAL, INSIGHTS RESERVOIR CONSULTING, LLC, PASHUPATI SAH, and BRIGHT PETROLEUM SOFTWARE SOLUTION, LLP | § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED DISTRICT COURT JUDGE:

Plaintiffs Calsep, Inc. and Calsep A/S (collectively, "Calsep") file this Original Complaint against Defendants Intelligent Petroleum Software Solutions, LLC, Ashish Dabral, Insights Reservoir Consulting, LLC, Pashupati Sah, and Bright Petroleum Software Solution, LLP and alleges as follows:

## I. INTRODUCTION

Calsep is one of the world's leading providers of PVT simulator software solutions to the oil & gas industry. PVT stands for "pressure volume temperature," and Calsep's solution helps oil & gas companies, through PVT simulations, better understand the dynamics at work in any

1

particular well or field. These studies are a vital resource for oil and gas companies which enable more efficient utilization of wells and fields, and more economic capture of hydrocarbons.

Calsep, which is based in Houston, Texas and Copenhagen, Denmark, is one of four worldwide competitors in the PVT software space, which has enormous barriers to entry given the difficulty and complexity in developing PVT simulator technology. Calsep has a team of at least seven full time engineers devoted to developing and maintaining its PVT solution, which is called PVTsim. PVTsim is the product of over three decades of development and innovation by Calsep and its engineers. The code, processes, and methods that are used to perform and analyze the calculations within PVTsim are kept confidential by Calsep and are not publicly disclosed. The PVT solutions of Calsep's three worldwide competitors also took decades to develop, with teams of engineers and developers.

This lawsuit has become necessary because Pashupati Sah, a former Calsep sales employee who had access for years to Calsep's code and technology that comprised PVTsim, has misappropriated Calsep's trade secret information and used it to develop a competing PVT software solution. After stopping work for Calsep in 2017, Mr. Sah—without Calsep's knowledge or authorization—began work on a competing PVT project through a consulting group called Insights Reservoir Consulting Group LLC (serving and working for IPSS and Bright Petroleum), a Texas entity operated in the Houston area by Ashish Dabral. Sah, Dabral, and IRC were building a PVT solution using Calsep's trade secrets that would be sold by Bright Petroleum Software Solution LLP, an India-based partnership, and Intelligent Petroleum Software Solutions ("IPSS"), a Delaware corporation that is headquartered in the Houston area. Sah and Dabral are partners in IPSS and are also affiliated with Bright Petroleum.

Bright Petroleum and IPSS are now marketing what they call an industry-leading PVT software solution, which was developed in less than two years' time. Given the enormous barriers to entry in this industry with only four worldwide competitors, and the lack of technical resources if Defendants, the development of the PVT technology described by Defendants (in less than two years' time) is simply not possible without the improper use of the trade secrets comprising a fully-developed solution like Calsep's.

In November 2018, just a month after IPSS was registered to do business in the United States, Sah contacted a former Calsep engineer who worked on Calsep's PVTsim solution. Sah offered this former Calsep engineer an equity stake in Defendants' PVT project in exchange for his technical assistance on Defendants' solution. The former Calsep engineer, responding to Sah's inquiry, suggested in an email that he could develop two additional components to Defendants' PVT solution that would be modeled after Calsep's products. Sah reached out to this former Calsep engineer because Defendants' PVT solution, called InPVT, is improperly based on or copied from Calsep's trade secret information.

Defendants are now actively marketing InPVT, which is described as functionally the same as Calsep's PVTsim, on multiple websites. Calsep now faces the risk of having to compete for business with a PVT product built based on a misappropriation of Calsep's trade secrets, if Defendants are not stopped. Calsep seeks injunctive relief to prevent the ongoing misappropriation of its trade secrets, as well as damages for Defendants' unlawful conduct.

## II.     PARTIES

1. Plaintiff Calsep Inc. is a corporation organized and existing under the laws of the State of Delaware, with its headquarters located at 10370 Richmond Avenue, Suite 1375, Houston, Texas 77042.

2. Plaintiff Calsep A/S is a company based in Denmark that conducts business in Houston, Texas.

3. Defendant Intelligent Petroleum Software Solutions, LLC is a corporation organized and existing under the laws of the State of Delaware, with its headquarters located at 4014 Stilton Lake Lane, Katy, Texas 77494.  IPSS may be served through its registered agent for service of process, Capitol Services, Inc., located at 1675 S. St., Suite B, Dover, Delaware 19901.

4. Defendant Ashish Dabral is a Texas resident domiciled at 4014 Stilton Lake, Katy, Texas. Mr. Dabral is a principal of IPSS and Insights Reservoir Consulting LLC.

5. Defendant Insights Reservoir Consulting LLC is a limited liability corporation organized and existing under the laws of the State of Texas, with its headquarters located at 4618 Durban Oaks Drive, Katy, Texas 77494.

6. Defendant Pashupati Sah is a resident of India, and in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States. Pursuant to Fed. R. Civ. P. 4(f) and the Hague Convention, Sah may be served through the Ministry of Law and Justice, Department of Legal Affairs, located at Central Authority, The Ministry of Law and Justice, Department of Legal Affairs, Room No. 439-A, 4th Floor A-Wing, Shastri Bhavan, New Delhi, 110 001 India.

7. Defendant Bright Petroleum Software Solution, LLP ("Bright Petroleum") is an Indian entity with its principal place of business at Uttar Pradesh, India. At times material to this

4

Complaint, acting alone or in concert with others, Bright Petroleum has advertised, marketed, distributed, or sold software solutions throughout the United States. Pursuant to Pursuant to Fed. R. Civ. P. 4(h) and the Hague Convention, Bright Petroleum may be served through the Ministry of Law and Justice, Department of Legal Affairs, located at Central Authority, The Ministry of Law and Justice, Department of Legal Affairs, Room No. 439-A, 4th Floor A-Wing, Shastri Bhavan, New Delhi, 110 001 India.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiffs assert a cause of action under federal law under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, *et seq.*, which creates original subject matter jurisdiction. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because IRC is a Texas corporation headquartered in this judicial district, IPSS has its headquarters in this judicial district, and Dabral resides in this judicial district, and a substantial part of the events or omissions giving rise to these claims occurred in this district.

### IV. FACTS

#### A. CALSEP IS A LEADING PROVIDER OF PVT SIMULATION SERVICES TO THE OIL & GAS INDUSTRY.

10. Calsep has been a leading provider of PVT simulation services to the oil and gas industry for the past thirty years, serving more than 300 clients around the world. Calsep is able to attract the world's leading oil and gas companies as clients because its highly complex and proprietary PVT simulator product, PVTSim, enables Calsep to offer efficient and accurate simulation studies for all kinds of fluids including natural gases, gas condensates, near critical

fluids, black oils, and heavy oils. Calsep's worldwide headquarters are in Denmark, and its headquarters in the United States are in Houston, Texas.

11. Calsep is one of only a handful of companies in the world who offer a PVT simulator solution. PVT simulation studies enable the user to simulate fluid properties and experimental data to better understand the dynamics at work in any particular well or field. These studies are a vital resource for oil and gas companies which enable more efficient utilization of wells and fields, and more economic capture of hydrocarbons.

12. Since its beginning in 1982, Calsep has opened offices in Denmark; Dubai, U.A.E.; Kuala Lumpur, Malaysia; and Houston, Texas. Calsep has approximately 24 employees across those four offices, many of whom have advanced degrees in chemical engineering or mathematical modeling. Calsep's PVTsim solution is sold and used in interstate and foreign commerce, across numerous states in the USA and numerous foreign countries.

### B. CALSEP'S PVTSIM SOFTWARE CODE AND COMPONENTS ARE TRADE SECRETS AND THE HEART OF CALSEP'S BUSINESS.

13. Calsep's PVTsim is its primary commercial software solution. Calsep first developed PVTsim in 1988, and has continued to develop it since then, releasing the 25th update in 2018. More than 300 companies around the world presently use PVTsim. PVTsim is divided into a number of different modules, and customers can purchase different PVTsim packages, customized to their particular needs. PVTsim, and the code, processes, algorithms, and methods used to create PVTsim, is the very heart of Calsep's entire business.

14. Due to the technical complexity and difficulty of creating the simulation engine in PVTsim, Calsep has only four real competitors throughout the world in the PVT space. Each of these companies have also developed their PVT simulation software over more than 25 years. One of

those companies has approximately 100,000 employees; two of them have between 200 and 300 employees; and the fourth company is comparably sized to Calsep with 12-13 employees.

15.     Developing and maintaining a simulation engine requires expert knowledge in chemical engineering, fundamental thermodynamics, numerical solutions, algorithms, and structured programming.  Calsep's simulation engine team consists of seven employees, most of whom have a PhD in chemical engineering from the Technical University of Denmark, which is known for its expertise in the complex calculations and algorithms that are required for creating simulation engines.

16.     Calsep's PVTsim is now one of the most versatile and reliable petroleum fluid simulators in the market, based in large part on the expert knowledge that has gone into developing and continually upgrading the simulation engine.

17.     Because PVTsim is Calsep's primary commercial product and is the result of nearly 40 years of work, Calsep exercises reasonable efforts to protect its trade secrets and confidential information, such as using the Microsoft Team Foundation Server system to keep track of all code changes, which is protected behind a firewall, and requiring confidentiality clauses for employees and contractors who have access to the systems.

### C. PASHUPATI SAH WORKED IN SALES FOR CALSEP FOR TWELVE YEARS UNTIL 2017.

18.     Sah was a sales employee at Calsep starting in 2005, whose work for Calsep regularly required him to travel to the company office in Houston.  Sah does not have a background in chemical engineering or mathematical modeling, and he has never developed software code.  Sah was not responsible for developing any of Calsep's software and never worked on the PVTsim simulation engine.

7

19. As part of his work for Calsep, Sah had access to Calsep's code through Calsep's Team Foundation Server which was firewall-protected as described above.

20. Sah stopped working with Calsep in March 2017. According to his LinkedIn profile, shortly after stopping work for Calsep, Sah began working as a technical advisor for IRC in April 2017. IRC is based in Houston, Texas. Ashish Dabral, a resident of Harris County, is the CEO of IRC.

21. After his departure from Calsep, Sah described on LinkedIn that one of his specialties was "writing algorithms for novel engineering software tools" — something Sah had never done for Calsep. Sah began working as a technical advisor for Bright Petroleum starting in October 2017.

### D. AFTER SAH DEPARTS CALSEP, HIS NEW COMPANIES BEGIN TO MARKET A SOFTWARE SOLUTION FUNCTIONALLY IDENTICAL TO PVTSIM.

22. In November 2017, approximately eight months after leaving Calsep and one month after Sah joined Bright Petroleum as a technical advisor, Bright Petroleum first identified a product it called "InPVT" on its website. Bright Petroleum marketed InPVT as follows:

> Inpvt is a completely web-based application that allows reservoir engineers to combine reliable fluid characterization procedures with robust and efficient regression algorithms to match fluid properties and experimental data. The fluid parameters may be exported to produce high-quality input data for reservoir, pipeline, and process simulators.

23. In January 2018, the Bright Petroleum website had a revised description of its PVT solution:

> InPVT is a fluid modeling tool that can be used for the accurate prediction of thermodynamics of hydrocarbons. With minimal compositional input, the tool can simulate all standard PVT experiments, tune the equation of state (EOS) model to match the data, and export the relevant model parameters to external simulators, such as reservoir simulators. The phase behavior of all hydrocarbon fluid types, from light gas to heavy oil, can be well predicted. InPVT can be used in the upstream as well as the midstream oil and gas industry by reservoir engineers, production engineers, process/flow assurance engineers and even pipeline

engineers to obtain quality PVT data that would be invaluable as input to their reservoir/well/process/pipeline design work.

24. These excerpts from Defendants' marketing materials describe an InPVT solution that is functionally identical to Calsep's PVTsim solution. But Defendants do not have, and have never had, the technical and engineering skill or resources that would be necessary to develop a full-scale PVT solution in any timeframe, much less the accelerated timeframe in which Defendants built their solution.

25. On October 22, 2018, IPSS was incorporated as a Delaware entity. Sah and Dabral are principals of IPSS. IPSS's primary place of business in Katy, Texas. Bright Petroleum and IRC are identified as partners to IPSS on IPSS's website. Bright Petroleum conducts business with several companies in Houston in the oil & gas industry.

### E. SAH ATTEMPTS TO RECRUIT A FORMER CALSEP ENGINEER FOR ASSISTANCE WITH PVT SOFTWARE DEVELOPMENT.

26. In late November 2018, Sah had a meeting with one of Calsep's former engineers, Casper Hadsbjerg, to recruit Hadsbjerg to join Sah in his PVT project. Calsep became aware of this meeting because on November 29, 2018, Hadsbjerg wrote an email to Sah, following up on a conversation they had on the prior day. Hadsbjerg inadvertently sent this email to Sah's old Calsep email address, alerting Calsep to Sah's plans.

27. The timing of this email, in November 2018, was only weeks after IPSS filed its registration as an LLC with the state of Delaware. Hadsbjerg reveals in this email that Sah was offering him an equity stake in Sah's PVT business which was being run through a "mother company" — which on information and belief is either IPSS or Bright Software Solutions. Hadsbjerg notes in his email that Sah conveyed to him an exit strategy of being sold in a short period of time.

9

28.     Hadsbjerg suggested to Sah that Hadsbjerg could (working with Defendants on their PVT solution) "expose a web/server based open structure type set up, that I could market as a comptrack type engine across industries." Calsep has a program called "Open Structure" which gives access to PVTSim thermodynamics and fluid databases without opening the PVTSim interface; "Comptrack-type engine" refers to another Calsep product.

29.     On information and belief, Defendants had been using Calsep's simulation engine code base and other trade secrets for their InPVT solution, but Sah was seeking assistance from a former Calsep engineer — Hadsbjerg — to refine it as it was being prepared for operation and eventual sale in the United States through IPSS. Unlike Sah, Hadsbjerg had developed code for thermodynamic calculations (and maintained code for Comptrack) while at Calsep — which are at the heart of the PVTSim solution. Hadsbjerg was valuable to Defendants because of his Calsep experience, and Hadsbjerg's suggestion that he develop other features for Defendants' PVT solution — using Calsep's own trade names to describe them — evidences that Hadsbjerg himself knew why Sah was targeting him.

30.     Hadsbjerg's additional questions and statements further illumine Defendants' plans. Hadsbjerg wrote, "You mentioned that you would ringfence my part and I would be the majority stakeholder and the mother company would be the minority stakeholder. How would this relate to your exit strategy of being sold? . . . would the PVT/flash part be a separate entity that is sold together with the main part as a bundle but valued separately?" On information and belief, Defendants were planning to try to sell their PVT solution quickly and obtain a lucrative exit with a large acquisition event.

10

**F. IPSS MARKETS INPVT BEGINNING IN JANUARY 2019, AS BEING "DEVELOPED AND BACKED BY THE BEST IN THE INDUSTRY."**

31. Just months after courting Hadsbjerg, IPSS began marketing InPVT on its website, intellipetro.com, in January 2019. IPSS's headquarters are in Katy, Texas. Sah and Ashish Dabral are two of the founders of IPSS.

32. IPSS described InPVT on its website as "an advanced PVT calculation software tool, for the Petroleum Engineer using cubic Equations of State (EOS). Being one of the first web-based PVT simulation tools of its category, it makes PVT simulation capabilities extremely accessible. Hence, once installed on the user's own PC/Server, it allows remote accessibility of the primary data base, as well as simulation capabilities, using mobile devices."

33. InPVT is being marketed as functionally identical to Calsep's product, PVTsim. IPSS also claims that InPVT was developed and backed by the best in the industry. IPSS's core team of consultants, as described on its website, includes Sah, Ashish Dabral, and Sudhandshu Dabral, none of whom can claim to be "the best in the industry" for developing software tools, much less PVT simulation engines.

34. IPSS's website also lists three partners: Bright Petroleum, IRC, and PetroMinds. IPSS is headquartered in the Houston area in order to sell its PVT solution to oil & gas companies based in one of the largest energy hubs in the world. Sah has traveled to Texas and the Houston area (including but not limited to in October 2017 and November 2018) in connection with his work for IPSS, IRC, and with Dabral, as they have built their PVT solution based on Calsep's trade secret information without authorization.

### G. THE INPVT SOLUTIONS OF BRIGHT PETROLEUM AND IPSS WERE BUILT USING CALSEP'S CONFIDENTIAL TRADE SECRET INFORMATION.

35. The InPVT product marketed by both IPSS and Bright Petroleum was built using Calsep's confidential trade secret information from its PVTsim product.

36. The PVT software industry is extremely limited with enormous barriers to entry; most significantly, the fact that PVT solutions take decades to develop with teams of highly educated and trained engineers. Neither Sah nor Dabral (or the other Defendants) have the necessary education, experience, or ability to build a PVT solution from scratch. Building a PVT simulator from scratch requires expert knowledge in chemical engineering, fundamental thermodynamics, numerical solutions/algorithms, and structured programming. It is not a product that is available "off the shelf." Defendants do not have the capability to build the PVT solution that they are now marketing in the United States and abroad, much less do so in less than two years' time, without the improper use of Calsep's trade secret information.

37. Defendants' pursuit of a former Calsep engineer in November 2018 to assist with their PVT project in exchange for equity in the PVT company was necessary because Defendants' PVT solution is either a copy of or based on a misappropriation of Calsep's trade secret information.

38. On information and belief, neither Bright nor IPSS were selling a PVT solution until Sah, who had many years at Calsep with full access to its proprietary code and PVT software solution, joined their teams and disclosed Calsep's trade secrets. While Bright is based in India, IPSS is a Delaware corporation doing business in Houston, which was recently formed, on information and belief, for the express purpose of selling the InPVT software in the United States. IRC is a Texas corporation through which Sah has been consulting for Bright and IPSS by improperly using Calsep's trade secret information.

39. Defendants have benefitted and will continue to benefit from the misappropriation of Calsep's trade secrets. Calsep brings this lawsuit to stop this misappropriation.

## V. CAUSES OF ACTION

### Count One: Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 (against All Defendants)

40. Calsep incorporates the foregoing allegations in this paragraph as if fully restated herein.

41. Calsep possesses and possessed certain trade secret information, including the proprietary software solution PVTsim and the processes, code, algorithms, and methods used therein. This information constitutes "trade secrets" under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq.*

42. Calsep has made reasonable efforts to maintain the secrecy of its trade secrets and to prevent the unauthorized disclosure or use of its trade secret information. Calsep's trade secrets derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons and entities.

43. Calsep provided Sah access to its trade secret information for the limited purpose of his use of this information during the scope of his work for Calsep.

44. This information is used in interstate and foreign commerce by Calsep Inc., a Delaware entity with its principal place of business in Texas, and Calsep A/S, a Denmark entity, through the PVTsim solution which is sold to customers in numerous states and countries.

45. Nearly 40 years have gone into developing Calsep's trade secret information, and this trade secret information is vital to Calsep's business model. Calsep's significant investment of time and resources into developing this trade secret information has provided Calsep with a competitive advantage in its very limited industry.

46. Sah has misappropriated Calsep's trade secrets by making unauthorized use and disclosure of Calsep's trade secrets to provide Dabral, IRC, IPSS, and Bright Petroleum with the ability to develop PVT software marketed by IPSS, purporting to be functionally the same software as Calsep's PVTsim software. Defendants have developed their InPVT solution, on information and belief, based on their misappropriation of Calsep's trade secret information that comprises PVTsim, including but not limited to the algorithms, code, processes, and methods contained therein. This improper use and disclosure by Sah, Dabral, IRC, IPSS, and Bright Petroleum has allowed them to improperly compete with Calsep based on a misappropriation of Calsep's trade secrets. Further, Sah, Dabral, IPSS, IRC, and Bright Petroleum knew, or had reason to know, that Calsep's trade secret information had been acquired through improper means.

47. Defendants' intentional misappropriation of Calsep's trade secrets demonstrates that they will continue to use and disclose Calsep's trade secrets unless enjoined.

48. Unless enjoined by this Court, Sah, Dabral, IRC, IPSS, and Bright Petroleum will cause great and irreparable harm to Calsep through their past and continued misappropriation of Calsep's trade secrets. Calsep has no adequate or other remedy at law for such acts and threatened acts. Irreparable harm is presumed when trade secrets, such as Calsep's trade secret information, have been misappropriated. As such, Calsep is entitled to, and so seeks, permanent injunctive relief. Calsep hereby reserves its rights to also seek preliminary injunctive relief.

49. As a direct, proximate, and foreseeable result of Defendants' misappropriation of Calsep's trade secrets, Calsep has been damaged in an amount not yet fully ascertained. Calsep is entitled to lost profits and unjust enrichment damages under the DTSA.

50. Because the misappropriation described herein by Defendants was done willfully and maliciously, exemplary damages are warranted.

**Count Two: Misappropriation of Trade Secrets under the Texas Uniform Trade Secrets Act (against All Defendants)**

51. Calsep incorporates the foregoing allegations in this paragraph as if fully restated herein.

52. Calsep possesses and has possessed certain trade secret information, including the proprietary software PVTsim and the processes, algorithms, and methods used therein. This information constitutes "trade secrets" under the Texas Uniform Trade Secrets Act ("TUTSA"), Tex. Civ. Prac. & Rem. Code. § 134A.

53. Calsep has made reasonable efforts to maintain the secrecy of its trade secrets and to prevent the unauthorized disclosure or use of its trade secret information. Further, Calsep's trade secrets derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons and entities.

54. Calsep provided Sah access to its trade secret information for the limited purpose of his use of this information during the scope of his employment for Calsep.

55. Nearly 40 years have gone into developing Calsep's trade secret information, and this trade secret information is vital to Calsep's business model. Calsep's significant investment of time and resources into developing this trade secret information has provided Calsep with a competitive advantage in its very limited industry.

56. Sah has misappropriated Calsep's trade secrets by making unauthorized use and disclosure of Calsep's trade secrets to provide Dabral, IPSS, IRC, and Bright Petroleum with the ability to develop PVT software marketed by IPSS, purporting to be the same software as Calsep's PVTSim software. Defendants have developed their InPVT software, on information and belief, based on their misappropriation of Calsep's trade secret information that comprises PVTsim, including but not limited to the algorithms, code, processes, and methods contained therein. This improper use by Sah, Dabral, IPSS, IRC and Bright Petroleum has allowed them to improperly compete with

Calsep based on a misappropriation of Calsep's trade secrets. Further, Dabral, IPSS, IRC, and Bright Petroleum know, or had reason to know, that Sah acquired Calsep's trade secret information through improper means.

57. Defendants' intentional misappropriation of Calsep's trade secrets demonstrates that they will continue to use and disclose Calsep's trade secrets unless enjoined.

58. Unless enjoined by this Court, Sah, Dabral, IRC, IPSS, and Bright Petroleum will cause great and irreparable harm to Calsep through their misappropriation of Calsep's trade secrets. Calsep has no adequate or other remedy at law for such acts and threatened acts. Irreparable harm is presumed when trade secrets, such as Calsep's trade secret information, have been misappropriated. As such, Calsep is entitled to, and so seeks, permanent injunctive relief. Calsep hereby reserves its rights to also seek preliminary injunctive relief.

59. As a direct, proximate, and foreseeable result of Defendants' misappropriation of Calsep's trade secrets, Calsep has been damaged in an amount not yet fully ascertained. Calsep is entitled to lost profits and unjust enrichment damages under the TUTSA.

60. Because the misappropriation described herein by Defendants was done willfully and maliciously, exemplary damages (and an award of reasonable attorneys' fees) are warranted.

**Count Three: Conspiracy to Misappropriation of Trade Secrets (under the Defend Trade Secrets Act and Texas Uniform Trade Secrets Act) (against All Defendants)**

61. Calsep incorporates the foregoing allegations in this paragraph as if fully restated herein.

62. Defendants IPSS, Bright Petroleum, IRC, Sah, and Dabral were members of a combination of two or more persons.

63. The object of the combination was to accomplish an unlawful purpose, or a lawful purpose by unlawful means, specifically to misappropriate (through use and disclosure of) the trade secret

information of Calsep for the improper use in Defendants' business and the development of a competing PVT software solution called InPVT.

64. Defendants had a meeting of the minds on the object of the course of action.

65. One of the members committed an unlawful, overt act to further the object or course of action.

66. Calsep suffered damages as a proximate result of the wrongful act.

67. Defendants are jointly and severally liable for all acts done by any of them in furtherance of the unlawful combination.

68. Because the conspiracy to misappropriate Calsep's trade secrets by Defendants was done willfully and maliciously, exemplary damages are warranted.

## VI. <u>CONCLUSION AND PRAYER</u>

For the reasons stated above, Calsep respectfully requests that judgment be entered in its favor and against Defendants as follows:

a. Upon application, a permanent injunction:

   i. Enjoining Sah, Dabral, IPSS, IRC, and Bright Petroleum from accessing, using, disclosing, distributing, disseminating, or discussing Calsep's trade secret information, including, but not limited to Calsep's proprietary software PVTSim and the algorithms, processes, and methods comprising same;

   ii. Ordering Sah, Dabral, IPSS, IRC, and Bright Petroleum to return to Calsep all information, documents, and tangible things in their possession, custody, or control, whether in physical or digital format, including any and all copies thereof, that contain Calsep's trade secret information;

b. For compensatory damages, lost profits, unjust enrichment, exemplary damages and any other damages to which Calsep is entitled in an amount to be shown at trial;

c. For Calsep's attorneys' fees;

d. For all other relief, at law or in equity, as the Court finds just and proper, and to which Calsep may show itself to be justly entitled.

Dated March 27, 2019                                Respectfully submitted,

**CLEVELAND | TERRAZAS PLLC**
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698

s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
tcleveland@clevelandterrazas.com
Kevin J. Terrazas
State Bar No. 24060708
kterrazas@clevelandterrazas.com
Scotty G. Arbuckle III
State Bar No. 24089969
tarbuckle@clevelandterrazas.com

**ATTORNEYS FOR CALSEP INC. AND CALSEP A/S**