United States District Court
Southern District of Texas
**ENTERED**
March 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALSEP A/S, | § | |
| CALSEP, INC., | § | |
| | § | |
| *Plaintiffs,* | § | |
| vs. | § | |
| | § | |
| INTELLIGENT PETROLEUM | § | No. 4:19-CV-1118 |
| SOFTWARE SOLUTIONS, LLC, | § | |
| ASHISH DABRAL, | § | |
| INSIGHTS RESERVOIR | § | |
| CONSULTING, LLC, | § | |
| | § | |
| *Defendants.* | § | |

# ORDER

On February 26, 2020, this Court ordered Defendants to produce by March 3, 2020 everything they provided to their expert, Paul Price, for the formation of his opinion in ECF No. 91-11, which Defendants filed in support of their opposition of Plaintiffs' request for injunctive relief. Order, ECF No. 150. On March 4, 2020, Defendants submitted for *in camera* review a report they produced to Plaintiffs in redacted form, claiming, *inter alia*, work-product privilege protection to the matters redacted. Ltr. Mot., ECF No. 162.

## *Relevant Facts*

Former Defendant Bright Petroleum ("BPSS") retained an Indian forensics expert to assist it with its internal investigation. Price Aff., ECF No. 162-2 ⁋ 4; Reply Ltr., ECF No. 180. The forensics company was to determine whether files were shared from former Defendant Pashupati Sah's device with BPSS's system, and what devices were connected to BPSS's computer system. ECF No. 180. Price received an interim copy of the report and then a second version of the report before he produced his November 21, 2019 report. Price further admits that he "briefly reviewed" both reports before he formulated his opinions. Nonetheless, he testifies

that his opinions were based on the other parts of the consulting expert's reports. He further states that his "testimony does not concern the other [attachments] (or other portions of the report which discuss those [attachments]), which deal with different tests that the Indian forensics firm performed." ECF No. 162-2 ¶ 5. Defendant asserts that because BPSS is no longer a party, Price's testimony is moot as to the injunctive relief sought. ECF No. 180 at 2. Further, Defendant argues that Price did not rely on those portions, so they do not have to be disclosed. ECF No. 162. Finally, Defendants assert that the contents of the redacted portions contain work-product and therefore are protected from discovery. *Id.* Plaintiff contends that the report must be disclose because it relates to Price's testimony, he reviewed it before formulating his opinion, and any privilege was waived when it was produced to Defendants' testifying expert. ECF No. 178.

### *Price's Opinion Is Not Moot Regarding Injunction*

It is not disputed that Price is a testifying expert on behalf of all Defendants, current and former. Resp. to Mot. Prel. Inj., ECF No. 91 (filed on behalf of all original Defendants). His affidavit was provided to the Court in support of Defendants' opposition to injunctive relief. Price Aff., ECF No. 91-11. The Court has held two hearings on the injunction (January 9 and March 6, 2020) and will continue the hearing on March 25, 2020. Defendants have not withdrawn Price's report or attempted to de-designate him in any way. Thus, Price's testimony is still before the Court, and is not moot as to the injunctive relief sought against the remaining Defendants who are relying on his testimony. Therefore, Defendants' mootness argument is without merit.

### *Rule 26 Requires Disclosure of Materials Price Considered In Forming His Opinion*

Rule 26 governs mandatory disclosure obligations for testifying experts. Significantly, the testifying expert report must contain the basis and reasons for the opinions and "the data or other information *considered* by the witness in forming" the opinions. Fed. R. Civ. P. 26(a)(2). The "'purpose of the expert disclosure rule is to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Cooper v. Meritor, Inc.*, No. 4:16-CV-52, 2018 WL 2223325, at *7 (N.D. Miss. May 15, 2018) (quoting *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013)); *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06-CV-433, 2019 WL 6792774, at *2 (S.D. Miss. December 12, 2019) (same).

In addition, Rule 26 requires production of documents the "expert *considered* in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii) (emphasis added). "For Rule 26 purposes, a testifying expert has considered data or information if the expert has read or reviewed the privileged materials before ... formulating his or her opinion." *Cooper*, 2018 WL 2223325, at *8 (citing *In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, 248 F.R.D. 532, 537 (N.D. Ohio 2008) (collecting cases)). Under this rule, material that an expert reviewed must be disclosed, regardless of whether the expert relied on it if the documents have some "relation to the expert's role as a witness." *Id.* (quotation marks omitted); *Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 282–83 (E.D. Va. 2001) (considered means "to reflect on" or "to think of: come to view, judge or classify," which is broader than "relied upon," which requires dependence on the information); *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 1:05CV80, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007) (considered means "anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed."). "Everything the expert so receives is discoverable, regardless of privilege and regardless of whether the expert found the data or information helpful in forming the opinion." *Euclid Chem. Co.*, 2007 WL 1560277, at *4. Information that an expert considered, but did not rely on, can be important to understanding and testing the validity of the expert's opinion. *Trigon Ins. Co.*, 204 F.R.D. at 282–83. Any ambiguity as to the scope of the expert's role should be resolved in favor of the party seeking discovery. *Cooper*, 2018 WL 2223325, at *8; *Euclid Chem. Co.*, 2007 WL 1560277, at *4. Here, the forensic reports relate to Price's expert role, which was to "review an internal forensic investigation" BPSS conducted "to determine if any Calsep information was copied to [the] BPSS systems." ECF No. 91-11 ¶ 3. Any ambiguity about the extent of the review Price was retained to perform must be resolved in Plaintiffs' favor.

Counsel argues that Price did not rely on the redacted portions of the forensic reports in his opinion, but Price does not say so as directly. Instead, he says that his opinion "does not concern" the redacted portions of the forensic investigation reports. ECF No. 162-2 ¶ 5. "An expert's testimony that he did not consider a document or data in forming his opinion carries no weight," however, "his testimony that he did not receive, read, review, or author a document will negate discovery absent persuasive evidence to the contrary." *Euclid Chem. Co.*, 2007 WL 1560277, at *4, 6. Here, while implying that he did not consider the forensic reports, Price does not claim that he did not review the material. To the contrary, Price admitted that he reviewed the reports when formulating his opinion. ECF No. 162-2 ¶ 5. Therefore, Price considered the reports within the meaning of Rule 26, which requires disclosure.

### *Consulting Expert Work Product Privilege Is Waived When Provided To Testifying Expert Price*

Defendants' work-product privilege argument is likewise without merit. The work product at issue is not attorney work product, but consulting expert work product. As the Fifth Circuit has held, "when the work product of non-testifying consultants is provided to testifying experts, immunity is waived for disclosed work product." *Ecuadorian Plaintiffs v. Chevron Corp.,* 619 F.3d 373, 378 (5th Cir. 2010); *see Trigon Ins. Co.*, 204 F.R.D. at 282–83 (holding the privilege is waived when work product is provided to a testifying expert who considers it in forming opinions, and the material must be disclosed). BPSS provided its consulting expert's reports to Price who is a testifying expert. Any work product privilege was waived, and the full reports must be produced in unredacted form.

### *Conclusion*

Defendants are ORDERED to produce to Plaintiffs unredacted copies of the forensic reports of the investigation of BPSS' systems no later than March 18, 2020 at noon. Defendants shall produce the documents in the same format as provided to Price, unless Plaintiffs' counsel agrees to another format.

Signed on March 17, 2020, Houston, Texas.

_____
Dena Hanovice Palermo
United States Magistrate Judge