IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALSEP, INC. AND CALSEP A/S | § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-01118 |
| | § | |
| INTELLIGENT PETROLEUM SOFTWARE SOLUTIONS, LLC, ASHISH DABRAL, INSIGHTS RESERVOIR CONSULTING, LLC, PASHUPATI SAH, and BRIGHT PETROLEUM SOFTWARE SOLUTION, LLP | § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION TO SHOW CAUSE
## AGAINST DEFENDANT PASHUPATI SAH

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

1. Plaintiffs Calsep A/S and Calsep, Inc. (collectively "Calsep" or "Plaintiffs"), file this Motion to Show Cause against Defendant Pashupati Sah ("Sah") and respectfully shows as follows:

2. On July 28, 2020 Calsep filed a Motion to Compel Defendant Pashupati Sah to Respond to Discovery, including but not limited to, Production of the "Storage Devices." *See* Dkt. 226. In that motion, Calsep detailed Sah's failure to respond to four different sets of outstanding discovery. *Id*. at Exhibits 1-4. The motion also detailed how Sah has refused to produce the external storage devices at the heart of this case. *See* Dkt. 226.

3. This Court held an oral hearing on July 31, 2020 where Sah was represented by his counsel. This Court ordered Sah to respond to the outstanding discovery requests and

produce all responsive discovery including the external storage devices by Friday, August 7, 2020.  *See* Dkt. 230.

4. ***Sah has willfully chosen to disobey this Court.*** He has failed, without explanation, to respond to any of Plaintiffs' outstanding interrogatories and other discovery requests. *See* Exhibit 1, Declaration of A. Gomez. Sah has also not provided the long-sought-after external storage devices at the heart of this case. *Id*. And it is clear that Sah has no intention of complying and has abandoned the defense of this action. As Sah's current counsel has stated, "Sah appears to have made his choice and will likely suffer the consequences as determined by the Court …" *See* Dkt 234 (last ¶ of motion).[1]

5. Where a party fails to obey a court order to provide discovery, Federal Rule of Civil Procedure 37 provides that the court "may issue further just orders. They may include the following: … (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; ... [or] (vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2).

6. Rule 37 also provides that a party's failure to serve answers to interrogatories is sanctionable, including through entry of default judgment against the disobedient party. *See* Fed. R. Civ. P. 37(d)(3).

7. Additionally, "[a] district court has the inherent authority to impose sanctions 'in order to control the litigation before it.'" *Gibraltar Cable Barrier Sys., LP v. Neusch*, No. 1:16-CV-418-LY-ML, 2017 WL 5202879, at *7 (W.D. Tex. Sept. 22, 2017) (quoting *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir. 1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

---

[1] Sah's failure to comply is not unexpected. His prior counsel, Mr. Mahendru, had previously told the Court that Sah was unlikely to comply with this Court's prior order compelling Defendant IPSS—and Sah as its agent—to produce the external storage devices.

WHEREFORE, Plaintiffs request that this Court order Sah to appear and show cause why he should not be sanctioned for his failure to respond to the Court's orders and comply with his discovery obligations. When he does not show cause, the Court should impose sanctions against Sah, including a default judgment in Plaintiffs' favor. *See Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979) (stating "[d]eliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction" of striking pleadings or rendering a default judgment, and affirming sanction when party violated two discovery orders).

Dated: August 12, 2020

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

By: */s/ Alexis J. Gómez*
 Alexis J. Gómez
 State Bar No. 00790769
 AGomez@HuntonAK.com
 600 Travis, Suite 4200
 Houston, Texas 77002
 (713) 220-4200
 (713) 220-4285 – Fax

ATTORNEYS-IN-CHARGE FOR
PLAINTIFFS CALSEP A/S AND
CALSEP, INC.

OF COUNSEL:

HUNTON ANDREWS KURTH LLP
Daniel G. Vivarelli, Jr.
(admitted *pro hac vice*)
DVivarelli@HuntonAK.com
2200 Pennsylvania Ave, NW
Washington, DC 20037
(202) 955-1500
(202) 778-2201 – Fax

CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
(512) 689-8698

Timothy Cleveland
State Bar No. 24055318
tcleveland@clevelandterrazas.com
Kevin J. Terrazas
State Bar No. 24060708
kterrazas@clevelandterrazas.com
Scotty G. Arbuckle III
State Bar No. 24089969
tarbuckle@clevelandterrazas.com

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 12, 2020, Plaintiffs' counsel conferred with Counsel for Defendant Pashupati Sah via email and Defendant Sah is opposed to the filing of this motion.

>*/s/ Alexis J. Gómez*
> Alexis J. Gómez

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

>*/s/ Alexis J. Gómez*
> Alexis J. Gómez

EMF_US 81498876v1