IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALSEP, INC. AND CALSEP A/S | § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-01118 |
| INTELLIGENT PETROLEUM SOFTWARE SOLUTIONS, LLC, ASHISH DABRAL, INSIGHTS RESERVOIR CONSULTING, LLC, PASHUPATI SAH, and BRIGHT PETROLEUM SOFTWARE SOLUTION, LLP | § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT PASHUPATI SAH

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

1. Plaintiffs Calsep A/S and Calsep, Inc. (collectively "Calsep" or "Plaintiffs"), file this Motion to for Sanctions against Defendant Pashupati Sah ("Sah"), including entry of a default judgment, and respectfully shows as follows:

2. Calsep incorporates by reference its Motion to Show Cause against Defendant Pashupati Sah, Dkt. 235. On August 13, 2020, the Court set a hearing on the Motion to Show Cause for 11:00 a.m. on August 17, 2020 (Dkt. 236). As Sah's own current counsel has stated, "Sah appears to have made his choice" to "stop participating" in the litigation, "and will likely suffer the consequences. Dkt. 234 (last ¶ of reply in support of Sah's counsel's motion to withdraw). When Sah does not appear and show cause at the August 17 hearing, the Court can and should impose sanctions against Sah, including a default judgment in Plaintiffs' favor against Sah.

3. Where a party fails to obey a court order to provide discovery, or fails to serve answers to interrogatories, Federal Rule of Civil Procedure 37 provides that the court "may issue further just orders. They may include the following: … (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; ... [and] (vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2), (d)(3). Additionally, "[a] district court has the inherent authority to impose sanctions 'in order to control the litigation before it.'" *Gibraltar Cable Barrier Sys., LP v. Neusch*, No. 1:16-CV-418-LY-ML, 2017 WL 5202879, at *7 (W.D. Tex. Sept. 22, 2017) (quoting *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir. 1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

4. "Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction" of striking pleadings or rendering a default judgment. *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979) (affirming sanction when party violated two discovery orders); *see Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 918 (3d Cir. 1992) (affirming entry of default where defendants failed to comply with "unambiguous orders to obtain substitute counsel, file pretrial memorandum, and respond to discovery requests"); *Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 12123940, at *2 (N.D. Tex. Dec. 9, 2013) (striking answer and ordering clerk to enter default judgment against defendant for failure to participate, including complying with orders of the court).

5. Although entry of default judgment is a "drastic sanction," it nonetheless "provides a useful remedy" where, as here, "a litigant is confronted by an obstructionist adversary." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 436 (1st Cir. 2015) (holding that district court acted well within its discretion in entering default judgment as sanction for

violations of discovery orders and awarding $75 million in damages without evidentiary hearing). Sah's violations of the Court's orders and his discovery obligations are willful and a lesser sanction would not substantially achieve the desired deterrent effect as to violations in other cases. *See United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998).

6. WHEREFORE, because Defendant Pashupati Sah has no respect for this Court and its orders, and has flagrantly disregarded his obligations under the Federal Rules of Civil Procedure, Plaintiffs request that this Court impose sanctions against Sah, including a default judgment in Plaintiffs' favor against Sah as provided for in Plaintiffs' proposed sanctions order filed contemporaneously with this Motion.

Dated: August 13, 2020

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

By: */s/ Alexis J. Gómez*
    Alexis J. Gómez
    State Bar No. 00790769
    AGomez@HuntonAK.com
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4200
    (713) 220-4285 – Fax

ATTORNEYS-IN-CHARGE FOR
PLAINTIFFS CALSEP A/S AND
CALSEP, INC.

OF COUNSEL:

HUNTON ANDREWS KURTH LLP
Daniel G. Vivarelli, Jr.
(admitted *pro hac vice*)
DVivarelli@HuntonAK.com
2200 Pennsylvania Ave, NW
Washington, DC 20037
(202) 955-1500
(202) 778-2201 – Fax

CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
(512) 689-8698

Timothy Cleveland
State Bar No. 24055318
tcleveland@clevelandterrazas.com
Kevin J. Terrazas
State Bar No. 24060708
kterrazas@clevelandterrazas.com
Scotty G. Arbuckle III
State Bar No. 24089969
tarbuckle@clevelandterrazas.com

# CERTIFICATE OF CONFERENCE

I hereby certify that on August 12, 2020, Plaintiffs' counsel conferred with Counsel for Defendant Pashupati Sah via email and Defendant Sah is opposed to the filing of this motion.

                                             *s/ Alexis J. Gómez*
                                             Alexis J. Gómez

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Additionally I served Mr. Pashupati Sah personally via email at ppsah@protonmail.com with the foregoing motion and order. The email was the email his attorney Mr. Soni provided to the Court and all counsel.

>*/s/ Alexis J. Gómez*
>Alexis J. Gómez

EMF_US 81458650v2