United States District Court
Southern District of Texas
**ENTERED**
November 18, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALSEP, INC. and CALSEP A/S, | § § | |
| *Plaintiffs*, | § § | |
| vs. | § § § | |
| INTELLGIENT PETROLEUM SOFTWARE SOLUTIONS, LLC, ASHISH DABRAL, INSIGHTS RESERVOIR CONSULTING, LLC, and PASHUPATI SAH, | § § § § § § § | NO. 4:19-CV-1118 |
| *Defendants*. | § § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs Calsep, Inc.'s and Calsep A/S's (collectively "Plaintiffs") motion for a default judgment and injunctive relief as sanctions against Defendant Pashupati Sah ("Sah"). ECF Nos. 249 (re-urging Plaintiffs' motion for sanctions, ECF No. 238), 260 (Plaintiffs' supplemental evidence), 261 (same).[1] Having considered the Plaintiffs' motions, evidence, applicable authorities, and the record, the Court recommends that the Plaintiffs' motion be denied without

---

[1] On November 1, 2019, the District Judge referred all discovery motions pursuant to 28 U.S.C. § 636 (b)(1)(A). Order, ECF No. 75. On October 14, 2020, the District Judge referred Plaintiffs' motion, re-urging their earlier motion for sanctions against Sah, including seeking default judgment and injunctive relief pursuant to 28 U.S.C. § 636(b)(1)(B). Order, ECF No. 262. A motion seeking entry of a default judgment and injunctive relief is a dispositive motion appropriate for a Report and Recommendation.

prejudice. Instead, Plaintiffs should file an order for entry of default with the clerk of the court in accordance with Rule 55(a) and wait for entry of the default judgment and injunction until final determination of the merits of this matter against the remaining Defendants.

## I. PROCEDURAL BACKGROUND

Plaintiffs sued their former employee Sah and the other Defendants, alleging *inter alia* misappropriation of trade secrets after Sah left their employment. Plaintiffs allege that Sah downloaded trade secret information to his personal external storage devices and then used Plaintiffs' trade secrets with the other Defendants to develop software to compete with Plaintiffs' software used in the oil and gas industry. Original Compl., ECF No. 1; *accord* Fourth Am. Compl., ECF No. 205. Sah was personally served with the summons and complaint; Plaintiff filed proof of service on July 17, 2019. ECF No. 30. In response to Plaintiffs' complaint, Sah filed a motion to dismiss for lack of personal jurisdiction and a motion to dismiss based on a forum selection clause in his employment contract. ECF Nos. 38 & 39. While still a defendant in this litigation, Sah filed multiple sworn declarations in support of the various motions to dismiss he and other Defendants filed. *See* ECF No. 16-2, 38-1, 39-1, and 57-1. At a hearing on January 23, 2020, the Court granted Sah's motion to

dismiss for lack of personal jurisdiction. Minute Entry, dated Jan. 23, 2020.[2]

After Sah was dismissed from the case, Plaintiffs pursued discovery from the remaining Defendants, requiring multiple motions and hearings. The Court granted Plaintiffs' motion to compel, ECF No. 108, ordering Defendants Intelligent Petroleum Software Solutions, LLC ("IPSS"), Ashish Dabral ("Dabral"), and Insights Reservoir Consulting, LLC ("IRC") to produce everything they gave to their computer forensics expert who formed an opinion based on a comparison of the contents of Sah's external storage devices and the BPSS computer systems. Order, ECF No. 150.

On March 2, 2020, the Court granted another motion to compel and ordered IPSS to produce the storage devices, containing the allegedly illegally downloaded software from Plaintiffs. The Court concluded that Sah was an agent and employee of IPSS and therefore it had the legal right and practical ability to obtain any items responsive to Plaintiffs' discovery requests that were in Sah's possession. Order, ECF No. 161 at 3-4 (granting Plaintiffs' motion to compel, ECF Nos. 109 & 110). Despite IPSS's attempts to obtain the storage devices from Sah, Sah has failed to turn them over; IPSS claims that it is unable to comply with this part of the Court's order compelling production. ECF No. 233.

---

[2] At the same time, the Court also dismissed Defendant Bright Petroleum Software Solutions ("BPSS") for lack of personal jurisdiction. *Id.*

In the interim, Plaintiffs sought reconsideration of the Court's order dismissing Sah. ECF Nos. 184, 185, 187, 188.[3] On June 25, 2020, the Court granted Plaintiffs' motions to reconsider its dismissal of Sah based on newly discovered evidence. Order, ECF. No. 223. Sah's response to Plaintiffs' amended complaint was due on July 9, 2020, fourteen days after the Court's order reconsidering his dismissal from the case. Fed. R. Civ. P. 12(a)(4)(A) &15(a). To date, Sah has failed to file any responsive pleadings to the amended complaint.

A month after Sah was back in the case as a party, Plaintiffs again filed a motion to compel him to respond to discovery and produce the storage devices containing software Sah is alleged to have illegally downloaded from Plaintiffs. ECF No. 226. On July 31, 2020, the Court held a hearing, granted Plaintiffs' motion to compel, and ordered Sah to produce the storage devices by August 7, 2020. ECF No. 230. To date Sah has failed to produce the devices.[4]

On August 12 and 13, 2020, Plaintiffs filed a motion to show cause, ECF No. 235, and a motion for sanctions, ECF No. 238, claiming that Sah failed to

---

[3] When the Court granted his motion to dismiss, Sah and his co-Defendants had the same counsel. *See* Order, ECF No. 241 at 3 n.2. After Sah's dismissal, the attorney representing the remaining Defendants withdrew from the case. *Id.* Sah had separate counsel represent him and respond to Plaintiffs' motion to reconsider. *Id.*

[4] At the hearing, counsel was present to represent Sah. Afterwards, the Court granted Sah's counsel motion to withdraw on the basis that he was unable to contact Sah because Sah has "stopped communicating or cooperating." ECF No. 234 at 4; *see* ECF No. 228 at 1 ("He is not responding to any emails or telephone calls."). Sah is proceeding *pro se*.

comply with the Court's Order and did not produce the storage devices or otherwise respond to discovery. Plaintiffs sought a default judgment and permanent injunctive relief.[5] On August 17, 2020, the Court held a show cause hearing on Plaintiffs' motion to show cause, ECF No. 235, and for sanctions, ECF No. 238, against Sah. Despite notice, Sah did not attend this hearing. The Court granted the motion to show cause and ordered Sah to produce the storage devices and respond to Plaintiffs' fourth amended complaint by August 21, 2020, or risk entry of default judgment against him. Order, ECF No. 241. In addition, the Court granted Plaintiffs' motion for sanctions, in part, ordering Sah to pay Plaintiffs' attorneys' fees they incurred bringing the motions. ECF No. 244. The Court deferred ruling on a default judgment at that time. The Court held another hearing on August 26, 2020 as a follow up to the prior ruling. Again, Sah failed to appear despite having received notice. Minute Entry, dated Aug. 26, 2020.

    Sah has failed to comply with the Court's orders. He has not responded to the Plaintiffs' fourth amended complaint, has not produced the storage devices, and has not provided any payment for Plaintiffs' attorneys' fees. Plaintiffs filed another motion for sanctions against Sah, re-urging the earlier motion for sanctions, seeking default judgment and permanent injunctive relief. ECF No. 249; *see* ECF No 245 at

---

[5] When Plaintiffs filed their motion to show cause on August 12, counsel was still representing Sah. His counsel provided email notice to Sah of the hearing to show cause and copied counsel of record on the email notifying Sah. *See* ECF No. 241 at 3 n.4.

11-12 (detailing the relief requested). Plaintiffs supplemented the motion with additional evidence of Sah's non-compliance. ECF Nos. 260 & 261. Plaintiffs request that the Court sanction Sah for his willful violation of multiple court orders that required him to respond to discovery and enter a default judgment and permanent injunctive relief against Sah.

## II. PLAINTIFFS SANCTIONS AGAINST DEFENDANT SAH MUST WAIT UNTIL FINAL RESOLUTION OF THE CASE AGAINST THE REMAINING DEFENDANTS

Rule 37 provides for entry of a default judgment and permanent injunctive relief as a sanction against a party that fails to comply with Court ordered discovery. Because this is a multi-defendant case, however, concerns regarding inconsistent results preclude the Court from awarding the requested sanctions until final disposition of this matter.

### A. Rule 37 Provides For Default Judgment As A Sanction.

Rule 37(b)(2) specifically empowers a district court to enter "a judgment by default against the disobedient party" for his failure to "obey an order to provide or permit discovery." *SEC v. First Finan. Gr. of Tex., Inc.*, 659 F.2d 660, 664 (5th Cir. 1981) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980)). Under Rule 37(b)(2), the district court has authority to "strik[e] out pleadings … or render a judgment by default." *Smith v. Smith,* 145 F.3d 335, 344 (5th Cir. 1998). For a district court to award default judgment as a discovery sanction, two criteria must be

met. *Id*; *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (discussing the criteria to be used when reviewing a district court's dismissal of a claim as a Rule 37 sanction). First, the discovery violation must be willful or in bad faith. *Batson,* 765 F.2d at 514 (citing *National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 640 (1976)). Second, the court must determine that a lesser sanction would not substantially achieve the desired deterrent effect. *Smith,* 145 F.3d at 344. The reviewing court may also consider whether the discovery violations prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation. *Batson*, 765 F.2d at 514.

### 1. Defendant Sah's violations of this Court's orders were willful.

In making its bad faith determination, the district court is entitled to rely on its complete understanding of the parties' motivations. *Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 550-51 (5th Cir. 1986) (affirming court's inherent power to award attorneys' fees to defendant based on plaintiff's bad faith discovery tactics). The Fifth Circuit also recognizes that repeated refusals to comply with discovery orders justify the use of the ultimate sanction. *Emerick v. Fenick Indus., Inc.,* 539 F.2d 1379, 1381 (5th Cir. 1976). When a party has demonstrated "flagrant bad faith and callous disregard of its responsibilities" the district court may impose a default judgment against the party. *Id*. The Fifth Circuit has found that when a party "chooses not to comply" with court orders, then the party acts "willfully" in

his violation. *United States v. Real Prop. Known as 200 Acres of Land Near FM2686 Rio Grande City, Tex.*, 773 F.3d 654, 660 (5th Cir. 2014) (citing *United States v. $49,000 Currency, et al.*, 330 F.3d 371, 376 (5th Cir. 2003)).

Sah has ignored multiple court orders. This Court has ordered Sah, directly and indirectly, to produce the storage devices, to pay Plaintiffs' attorneys' fees, and to respond to Plaintiffs' fourth amended complaint or risk entry of default. *See* Orders, ECF Nos. 230, 241, & 244. To date, Sah has failed to comply with any of the orders. Additionally, Sah has failed to attend the court hearings after he no longer had counsel. *See* Minute Entry, dated Aug. 17, 2020; Minute Entry, dated Aug. 26, 2020. Sah's refusal to engage is the reason his counsel sought to withdraw. *See supra,* fn. 4. Moreover, his refusal to participate after the Court reconsidered his dismissal is in stark contrast to his behavior before he was dismissed, when he prepared and filed multiple supporting affidavits in his effort to be dismissed from the case. *See* ECF No. 16-2, 38-1, 39-1, and 57-1. Sah's refusal to comply with court orders and attend hearings after the Court's reconsideration of his dismissal demonstrates his deliberate noncompliance and bad-faith violations. *Emerick*, 539 F.2d at 1381. Accordingly, the Court finds that Sah's flagrant disobedience constitutes a "willful violation."

### 2. A less severe sanction would not substantially achieve the desired effect.

Default judgment against a noncompliant party is appropriate when no lesser sanction could achieve the appropriate level of deterrence. *$49,000 Currency,* 330 F.3d at 376 (finding that only partial compliance with previous orders rendered default judgment appropriate). In determining whether the court can impose less severe sanctions, the court should consider past attempts at sanctions and the party's compliance with them. *See Real Property*, 773 F.3d at 661 (determining that repeated refusals evidenced that further delay would not compel defendant to comply).

When considering the Plaintiffs' original motion for sanctions against Sah, the Court deferred ruling on default judgment and opted instead for a lesser sanction, requiring Sah to pay Plaintiffs' attorneys' fees incurred in bringing the motion. Order, ECF No. 241. Sah's failure to comply with this order demonstrates that lesser sanctions will not coerce him to comply with discovery. *See U.S. For Use of M-Co Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (observing that the party's failure to attend hearings and pay the court-ordered $500 sanction justified default judgment). Sah neither responded to the order, petitioned the court for more time to pay, nor showed an inability to pay. *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503 (5th Cir. 2000) ("[Default judgment] is to be exercised discreetly and never when it has been established that failure to comply has been due to inability, and not

to willfulness, bad faith, or any fault of noncomplying party."). Therefore, the Court finds that lesser sanctions could not effectively compel Sah to participate in discovery. *See Real Property*, 773 F.3d at 661.

### 3. Sah's discovery violations prejudiced the Plaintiffs.

A district court may consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in this violation. *Batson*, 765 F.2d at 514. Sah has prevented the Plaintiffs from obtaining evidence necessary to establish their claim that Sah stole trade secret information and shared it with the Defendants to develop a competing product. Sah's non-compliance has resulted in delays, multiple motions to compel, and multiple court hearings, prejudicing the Plaintiffs.

Sah's failure to obey this Court's discovery orders is his fault alone. Sah's counsel stated that Sah has "stopped communicating or cooperating." ECF No. 234 at 4 ("Sah appears to have made his choice and will likely suffer the consequences as determined by this court."). *See Shipco General, Inc.*, 814 F.2d at 1014 (acknowledging that default judgment may be improper when the party's counsel is at fault). Sah's willful refusal to comply with this Court's order justifies the imposition of sanctions, and specifically a default judgment.

### B. Default Judgment Must Wait Until Final Resolution of The Case.

Although Plaintiffs have demonstrated that default judgment as a sanction is warranted for Sah's defiance of this Court's orders, it is within the court's discretion to grant or deny motions for default judgment. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). When default is sought against one defendant in a multi-defendant case, the United States Supreme Court cautioned that the court should wait to enter a default judgment until a decision on the merits against the remaining defendants has been entered. *Frow v. De La Vega*, 82 U.S. 552 (1872); *accord Raleigh Cycle Co. of Am. v. Edward Risha,* No. H-84-552, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987). In particular, the court must consider whether a default judgment against one of multiple defendants could result in inconsistent or illogical judgments. In *Frow*, the Supreme Court stated that:

> Where a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default ... and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

82 U.S. (15 Wall.) at 554; *accord Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001) (recognizing that when a "defending party establishes that plaintiff has no cause of

action … this defense generally inures to the benefit of a defaulting defendant"); *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship., Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *3 (S.D. Tex. Feb. 26, 2010) (Ellison, J.) (applying *Frow* to avoid the possibility of inconsistent judgments where defendants had closely related defenses); *Essex Ins. Co. v. Clark*, 3:09-cv-1196-B, 2010 U.S. Dist. LEXIS 147444, at *3 (N.D. Tex. Oct. 5, 2010) (denying default judgment when claims against two defendants were closely interrelated to avoid illogical conclusions); *American S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3–5 (E.D. Tex. Dec. 28, 2010) (same).

"When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, No. A-07-CA-990-SS, 2009 WL 10669490, at *4 (N.D. Tex. May 28, 2009) (quoting *Angelo Iafrate Const., LLC v. Postashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004)). A default judgment is "incongruous" and "unfair" if used to "allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Harris Cty. Water Control v. Phila. Indem. Ins. Co.*, No.H-19-1755, 2019 WL 5191129, at *2 (S.D. Tex. Oct. 15, 2019) (quoting *Lewis*, 236 F.3d at 768).[6]

---

[6] *See In re Grabanski*, 691 F. App'x 159, 163 (5th Cir. 2017) (finding *Frow* misplaced when statute of limitations defense does not directly conflict with default judgment).

Here, Plaintiffs sued each of the Defendants based on misappropriation of trade secrets under 18 U.S.C. § 1836 and the Texas Uniform Trade Secrets Act. ECF No. 205 at 24–31. Because Plaintiffs claim that the Defendants are jointly liable, *Frow* is applicable. *Smith v. Sanders,* No. 3:12-CV-4377-M, 2020 WL 3260489, at *3 (N.D. Tex. May 19, 2020) (determining default judgment improper when complaint alleges joint liability amongst defendants); *Whitaker v. Sports Dimensions*, No. 3:08CV-1989-B, 2009 WL 10704754, at *1 (N.D. Tex. Oct. 6, 2009) (denying default judgment when Plaintiffs allege claims involving joint liability).

Defendants IPSS, Dabral, and IRC continue to defend the claims asserted against them. Accordingly, a default judgment and permanent injunction against Sah is inappropriate. *See Hamilton v. EnerSafe Inc.*, No. 5:15-CV-965-DAE , 2018 WL 7822064, at *2 (W.D. Tex. Dec. 19, 2018) (denying default judgment when non-defaulting defendants were "still vigorously defending against Plaintiffs' claims."). Entering a default judgment against Sah and taking all well-pleaded allegations against Sah as true, and entering a permanent injunction on that basis, would harm the remaining Defendants' ability to present their defenses in this case. *Terry v. Inocencio,* No. 3:11-CV-0660-K-BK, 2014 WL 4686570, at *11 (N.D. Tex. Sept. 2, 2014) (denying default judgment despite the fact that two of the three defendants failed to file an answer because default judgment would harm the non-defaulting

defendant.). Similarly, if the remaining Defendants ultimately prevail on the Plaintiffs' claims, it would be illogical and incongruous to have a default judgment and permanent injunction preventing Sah from engaging in the same activity. Thus, while the Plaintiffs insist that permanent injunction is appropriate in the case here, ECF No. 238–1 at 4, the permanent injunction should not be granted as default judgment is inappropriate at this time. *-M- Entm't & Consultant Serv. v. LOC Mktg., LLC*, No. H-13-0952, 2014 U.S. Dist. LEXIS 38932, at *1 (S.D. Tex. Mar. 24, 2014); *Levitation,* 2009 WL 10669490, at *1 (denying default judgment which asked for permanent injunction in its entirety).[7]

Therefore, the Court recommends that Plaintiffs' motion for sanctions seeking a default judgment and permanent injunction be denied without prejudice. *See, e.g., Flores v. Koster*, No. 3:13-CV-0726-M-BH, 2013 WL 357610, at *4 (N.D. Tex. Jan. 3, 2013) (motion for default judgment should be denied without prejudice to plaintiff's right to reassert it later)*; Impala African Safaris, LLC v. Dallas Safari Club, Inc.,* No. 3:13-CV-2175-G, 2013 WL 6231413, at *4 (N.D. Tex. Dec. 2, 2013) (same).

---

[7] The Court already granted an agreed preliminary injunction, preventing the remaining Defendants from engaging in the prohibited activities. *See* ECF No. 198. To the extent Sah is an officer, agent, or employee of IPSS, he is bound by the terms of the preliminary injunction. *Id.; see M- Entm't.*, 2014 U.S. Dist. LEXIS 38932, at *1 (preliminary injunctive relief is available to redress threat of immediate harm even when default judgment and a permanent injunction are not appropriate).

### C. Entry of A Decree of Default Against Sah Is Warranted

Although a *default judgment* and by extension a permanent injunction based on the default should wait until the resolution of the case, Plaintiffs are nonetheless entitled to a decree of default against Sah. *See* FED. R. CIV. P. 55(a). *Raleigh*, 1987 WL 11889, at *1 (citing *Frow*, 82 U.S. at 554); *accord Whitaker,* 2009 WL 10704754, at *1. The clerk of the court must enter a decree of default when the default is established. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Because Sah was served with process, appeared in this case, but never filed an answer to Plaintiffs' complaint, the record establishes that entry of a decree of default against Sah is warranted. FED. R. CIV. P. 55(a).

### IV. CONCLUSION

The Court recommends that Plaintiffs' motion for sanctions requesting a default judgment and permanent injunctive relief against Defendant Pashupati Sah should be **DENIED WITHOUT PREJUDICE.** ECF Nos. 249.

In the interim, pursuant to Rule 55(a), Plaintiffs should seek entry of default with the clerk of the court.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, 863 F.3d

**353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on November 18, 2020.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**