Case 4:19-cv-01118   Document 350   Filed on 08/25/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CALSEP A/S, § <br> CALSEP, INC., § <br> § <br> *Plaintiffs,* § <br> v. § <br> § <br> INTELLIGENT PETROLEUM § <br> SOFTWARE SOLUTIONS, LLC, § <br> ASHISH DABRAL, § <br> INSIGHTS RESERVOIR § <br> CONSULTING, LLC, and § <br> PASHUPATI SAH, § <br> § <br> *Defendants.* § | No. 4:19-CV-1118 |

## ORDER DENYING MOTION TO STAY EXECUTION OF JUDGMENT

Pending before the Court is Defendant Ashish Dabral's ("Dabral") motion to stay execution of judgment (the "Motion"). Def.'s Mot., ECF No. 346. This is a theft of trade secrets case. After years of protracted litigation involving Defendants Intelligent Petroleum Software Solutions, LLC, ("IPSS"), Dabral, and Insights Reservoir Consulting, LLC ("IRC") (collectively "Defendants")[1] repeatedly and permanently destroying evidence in violation of multiple orders, the Court entered a default judgment against them as a sanction. Report & Recommendation, ECF No. 293, adopted, Order, ECF No. 304. On July 19, 2022, the Court entered final

---

[1] Defendant Pashupati Sah was not part of the default judgment for destruction of the evidence, instead a decree of default was entered against him for his failure to appear, plead, or otherwise defend this action. *See* Entry of Default, ECF No. 302.

judgment in favor of Calsep A/S and Calsep, Inc. (collectively, "Calsep" or the "Plaintiffs"). Final Judg., ECF No. 344; *see also* Report & Recommendation, ECF No. 338, adopted, Order, ECF No. 343. Dabral now seeks a stay of execution of the judgment without the need to file any bond or other security. ECF No. 346. Plaintiffs opposes the motion, asserting Dabral has failed to carry his burden under Rule 62 of the Federal Rules of Civil Procedure. Pl.'s Resp., ECF No. 349.

Rule 62(b) permits a party seeking to stay the execution of a judgment pending appeal to post a bond or other security to secure the payment of the judgment to the judgment creditor. Specifically, Rule 62(b) provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

FED. R. CIV. P. 62(b). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) (interpreting former Rule 62(d) prior to the 1987, 2007, 2009, and 2018 amendments).[2] However, a district court has discretion in setting security and may

---

[2] Fed. R. Civ. P. advisory committee note to 2018 amendment ("Subdivisions (a), (b), (c), and (d) of former Rule 62 are reorganized. . .. Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)."). Prior to the 2018 amendment, Rule 62(d) stated, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . .. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

waive the security requirement under certain circumstances. *Id*. These circumstances are limited to where (1) the "judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal," or (2) "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." *Id*. at 1191. The burden is on the movant to objectively demonstrate the reasons for the court's departure from the usual requirement of a full security supersedeas bond. *Id*. The supersedeas bond is a "privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Id*.

Here, Dabral asks the Court to enter a stay without requiring him to post a bond or other security because doing so would impose an undue financial burden. ECF No. 346 at 4-5. In support of his Motion, Dabral cites *United States v. Loftis*, No. 3-06-CV-1633-P, 2009 WL 10678613 (N.D. Tex. Aug. 3, 2009). In *Loftis*, the court granted the defendant's motion to stay in part because defendant's "assets ha[d] already been identified and frozen by the Writs of Garnishment, the collection process and the amount of time required to obtain the judgment should be the same." *Id*. at *4. Because the assets subject to the judgment were already frozen, the court concluded that bond or other security were not necessary to protect the interests of the plaintiff. *Id*. The same is not true here. Even accepting that posting bond or

other security would impose an undue financial burden on Dabral,[3] the circumstances are not such that Plaintiffs' interests would be protected without a bond. To the contrary, Dabral has already filed for Chapter 7 bankruptcy and argues that his limited assets would be exempt from collection. ECF Nos. 346 at 5 & 346-2.

This case is more analogous to *Dream Medical Group, LLC v. Old South Trading Co., LLC*, No. H-22-134, 2022 WL 2788883, *1-2 (S.D. Tex. July 15, 2022). In *Dream Medical*, the plaintiffs moved for an order allowing immediate registration of the final judgment in other United States District Courts, particularly the District of South Carolina. Under 28 U.S.C. § 1963, a final judgment entered in one judicial district may be registered in another, inter alia, before it is final on appeal or expiration of the time to appeal by court order for good cause. *Id.* at 1. Defendant opposed registering the judgment, because they could not deposit the award for the bond without suffering undue financial burden. *Id.* There, the defendants presented evidence supporting their inability to post the bond and argued that their net worth was less than the judgment. *Id.* Because they did not show they could pay or present a plan to maintain the same degree of solvency, Chief Judge Rosenthal held they must show not only that posting the bond would impose an undue financial burden,

---

[3] The Court notes that Plaintiffs have submitted evidence that appears to contradict Dabral's representations regarding his financial condition. ECF No. 349-1. Because Dabral has not otherwise carried his burden, the Court need not resolve this issue.

but they must provide another arrangement for substitute security through a restraint on their financial dealings to provide protection to the judgment creditor. *Id.* Like Plaintiffs here, plaintiffs in *Dream Medical* disputed the claimed inability to pay. The court found defendants failed to show an undue burden if required to pay a bond or propose any alternative to secure the judgment. *Id.* at 2. "The plaintiffs are entitled to pursue the available remedies to collect the judgment they hold, and entitled to take the risk that their next steps will be in the bankruptcy court." *Dream Medical*

In this case, Dabral presents evidence of his inability to pay, which Plaintiff disputes. Having almost no assets, however, "is not enough to establish an undue financial burden, otherwise every plaintiff lacking assets sufficient to obtain a bond would be excused from the requirement." *IA Labs CA, LLC v. Nintendo Co., Ltd.*, 946 F. Supp. 2d 429, 431 (D. Md. 2013). Moreover, Defendant offers no arrangement for substitute security as required under Rule 62(b) and the case law. Therefore, the Court finds that Defendant has failed to meet his burden under Rule 62(b) and his motion to stay enforcement of the judgment, ECF No. 346, is **DENIED**.

**IT IS SO ORDERED.**

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**